FILED

**NOT FOR PUBLICATION**

AUG 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJBIR SINGH, | No. 07-73582 |
| Petitioner, | Agency No. A075-318-004 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2011
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and O'GRADY, District Judge.[**]

Rajbir Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for political asylum and

withholding of removal, and his petition for relief under Article III of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Liam O'Grady, U.S. District Judge for the Eastern
District of Virginia, sitting by designation.

Convention Against Torture ("CAT"). Singh also appeals the BIA's affirmance of the IJ's finding that he filed a frivolous asylum application.

The IJ denied Singh's present asylum application on the basis of adverse credibility. We must accept an adverse credibility determination as long as it is "supported by substantial evidence and goes to the heart of [Singh's] claims." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Such a finding is overturned only when any reasonable fact-finder would be compelled to do so. *Singh v. Holder*, --- F.3d ----, 2011 WL 2207320 *2 (9th Cir. June 8, 2011).

Singh applied unsuccessfully for asylum in 1992 and was removed to India. He applied for asylum again when he returned to the United States in 1997. The IJ found serious discrepancies between Singh's first and second applications and also in his testimony about an alleged arrest in India. Further, Singh failed to resolve the discrepancies when he was given the opportunity by the IJ. Singh argues on appeal that the inconsistencies could be explained by the involvement of his former attorney. The IJ, however, concluded that the discrepancies were unrelated to the involvement of Singh's former attorney and that Singh was deliberately untruthful in the present proceedings. We do not think any reasonable factfinder would be *compelled* to reach the opposite conclusion. We therefore hold that substantial evidence supports the IJ's adverse credibility determination.

We review de novo whether the IJ complied with the procedural requirements for a frivolousness finding. *Yan Liu v. Holder*, __ F.3d __, 2011 WL 1651244, at *4 (9th Cir. 2011). Among these procedural requirements, an IJ must make a specific finding that the applicant knowingly filed a frivolous application. *In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007). "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. The frivolousness finding must also be supported by a preponderance of the evidence. *In re Y-L-*, 24 I. & N. Dec. at 158. The applicant must be warned of the consequences of a frivolousness finding and must be given the opportunity to account for any discrepancies or implausibilities in the application. *Khadka v. Holder*, 618 F. 3d 996, 1002 (9th Cir. 2010).

The IJ found that Singh had intentionally lied about an alleged arrest in India that constituted part of the reason Singh sought asylum. The IJ concluded that Singh's story changed when the government presented him with conflicting evidence about his prior testimony. Singh's fabrication continued even after he was warned of the consequences of filing a frivolous application. The IJ's finding that Singh filed a frivolous asylum application is supported by a preponderance of the evidence.

The denial of Singh's CAT claim was in compliance with our existing case law and was therefore proper. An adverse credibility determination in the asylum context should not "wash over" a claim for CAT relief. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001). In denying CAT relief, the IJ considered the documentary evidence in the record about the relevant conditions in India at the time that Singh was seeking asylum and did not rely merely on the adverse credibility determination. Substantial evidence supports the IJ's determination that Singh did not present evidence that he would more likely than not be subject to torture if removed to India.

**PETITION DENIED.**

4